The Honorable Randy Minton State Representative 880 Minton Road Ward, AR 72176-8618
Dear Representative Minton:
This is in response to your request for an opinion on the following questions involving the so-called "Angela R. lawsuit" against the Department of Human Services ("DHS"):
 1. Is it a conflict of interest for Mr. Ray Scott to be a consultant to the Angela R. lawsuit?
 2. If it is a conflict of interest, just how much information has Mr. Scott provided Mr. Grim [attorney for the plaintiff] in the lawsuit?
 3. Would this be grounds for you to file a motion to ask the court to dismiss the lawsuit?
RESPONSE
Question 1 — Is it a conflict of interest for Mr. Ray Scott to be aconsultant to the Angela R. lawsuit?
You state, with regard to this question, that Mr. Scott is the "Consultant for the Plaintiff" on the "Standards Compliance Committee" in connection with this lawsuit. You state further that it is your understanding that Mr. Scott was the Director of DHS during the time the state was reported to be negligent concerning the handling of the division involved in the lawsuit. Thus, you state, Mr. Scott would be privy to information that could be damaging to the state.
I am uncertain whether any conflict of interest provision is triggered under these circumstances. Arkansas Code Annotated § 19-11-710 (Repl. 1998) states as follows with regard to the use of "confidential information":
 It shall be a breach of ethical standards for any employee or former employee knowingly to use confidential information for actual or anticipated personal gain or for the actual or anticipated personal gain of any other person.
"Confidential Information" is defined under A.C.A. § 19-11-701(4) as:
 . . . any information which is available to an employee only because of the employee's status as an employee of this state and is not a matter of public knowledge or available to the public on request[.]
I lack sufficient information to determine whether this provision is implicated under the circumstances you have presented. I do not know whether Mr. Scott used any "confidential information," as defined, nor do I know whether the "personal gain" element is met. Nor is this generally a matter falling within the scope of an Attorney General opinion, given the fact-intensive nature of the inquiry. I lack both the resources and the authority to act as a factfinder in issuing opinions. Section19-11-710 is, moreover, a penal provision (see A.C.A. § 19-11-702
regarding penalties for violations). The application of this prohibition under any specific set of facts is thus a matter properly within the authority of the Prosecuting Attorney.
With regard to any other potentially applicable ethics provision, please note that I have enclosed a copy of Attorney General Opinion 97-205 which addresses A.C.A. § 19-11-709, part of the subchapter of the Code which sets forth ethical standards for present and former state agency employees. Again, I cannot determine whether this provision is implicated in this situation. This necessarily involves an in-depth factual review bearing in mind the critical elements of the restrictions.
Question 2 — If it is a conflict of interest, just how much informationhas Mr. Scott provided Mr. Grim [attorney for the plaintiff] in thelawsuit?
As indicated above, your conflict of interest question cannot be answered in an opinion from this office. Additionally, I do not know what, if any, information Mr. Scott may have provided to Mr. Grim (the plaintiff's attorney).
Question 3 — Would this be grounds for you to file a motion to ask thecourt to dismiss the lawsuit?
I cannot, in the context of this opinion, speculate as to a procedural matter of this nature involving pending litigation. The official opinions function simply does not extend to such matters.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh